# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| BRENT A. RAMOS, | ) | Bankruptcy No. 11-02642 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| INDUSTRIAL REFRIGERATION | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 12-09019 |
| | ) | |
| v. | ) | |
| | ) | |
| BRENT A. RAMOS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER RE: DEFENDANT'S MOTION TO DISMISS

This matter came before the Court on Defendant's Motion to Dismiss. Plaintiff requests the Court to declare that debts owed to it are non-dischargeable under 11 U.S.C. § 523(a)(2), (4), or (6). The Court held a telephonic hearing on the Motion to Dismiss on May 4, 2012. Peter C. Riley represented Plaintiff Industrial Refrigeration Services, Inc. Henry E. Nathanson represented Debtor-Defendant Brent A. Ramos. The Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

1

## STATEMENT OF THE CASE

Plaintiff is a subcontractor. Defendant is a general contractor. Plaintiff seeks a declaration that debts it is owed for subcontracting services performed on behalf of Defendant are non-dischargeable under 11 U.S.C. § 523(a)(2), (4) and (6). Plaintiff claims Defendant made false representations about his intent to pay Plaintiff for work performed.

Defendant filed a Motion to Dismiss. Plaintiff resisted. The Court will deny defendant's Motion to Dismiss the claims under sections 523(a)(2)(A) and 523(a)(6). The Court will grant the Motion to Dismiss the claim under Section 523(a)(4) because it does not adequately plead the existence of a fiduciary relationship.

## BACKGROUND

Defendant and his corporation are general contractors. Plaintiff provided subcontracting work to Defendant. Plaintiff claims Defendant failed to pay Plaintiff for subcontracting work completed during construction of an Aspen Dental Clinic in Ankeny, Iowa. (ECF Doc. No. 10, ¶ 8.) Plaintiff alleges one of its employees—Jolene—contacted Defendant on three separate occasions and received assurances the debt would be paid. Plaintiff claims to have relied upon those assurances as a basis for continuing to work on the project. Plaintiff's Amended Complaint does not state the dates or specifics of the phone calls

between Jolene and Defendant. Plaintiff claims Defendant failed to pay under the terms of the subcontract and that Defendant, instead, used the proceeds of the construction contract for his personal expenses. Plaintiff did receive $13,373.70 from the property owner after placing a mechanic's lien on the property due to Defendant's failure to pay under the subcontract.[1] (ECF Doc. No. 10, ¶ 10.)

Plaintiff filed a breach of contract claim in the Linn County Iowa District Court. (Id. at ¶ 6.) On July 19, 2011, Plaintiff received a Stipulated Judgment against Defendant. Plaintiff makes a claim here for $77,400.92, plus interest accruing at a rate of 18% per annum, attorney's fees of $1,215.00, and court costs. Industrial Refrigeration Servs., Inc. v. Ramos Gen. Contracting, Inc., No. LACV069528 (Iowa Dist. July 19, 2011).

Defendant filed for Chapter 7 bankruptcy on November 29, 2011. Defendant sought to discharge—among other debts—the amounts owed to Plaintiff under the July 19, 2011 state court judgment. (ECF Doc. No. 10, ¶ 7.) Plaintiff filed this adversary to deny discharge of the debt on March 5, 2012. Plaintiff's Complaint alleges that Defendant committed fraud, defalcation while acting in a fiduciary duty, and/or willful and malicious injury under 11 U.S.C. § 523(a)(2)(A), (4), and (6). (ECF Doc. No. 1, ¶¶ 14-16.) Defendant filed a Motion to Dismiss the adversary on April 4, 2012. (ECF Doc. No. 5.) Plaintiff filed an Amended

---

[1] At this time, it is unclear to the Court whether this retainage offsets any part of the money due from Plaintiff's state court judgment of July 19, 2011.

3

Complaint on April 16, 2012, under Federal Rule of Civil Procedure 15(a)(1)(B). Defendant maintains the action should be dismissed.

Defendant advances three arguments in support of his motion: (1) that Federal Rule of Civil Procedure 9(b) requires specific factual allegations to plead fraud and the Amended Complaint does not satisfy those requirements in making a claim under Section 523(a)(2); (2) no fiduciary relationship existed between Plaintiff and Defendant as a matter of law under Section 523(a)(4); and (3) the Amended Complaint fails to allege the sufficient "willful and malicious" conduct to support a claim under Section 523(a)(6). Plaintiff responded arguing: (1) the Amended Complaint adequately meets the requirements of Rule 9(b); (2) Iowa criminal statutes grant authority to impose a fiduciary duty; and (3) authority exists that misappropriation of assets by a contractor creates a "willful and malicious" injury. The Court took the matter under advisement.

## CONCLUSIONS OF LAW

The Bankruptcy Rules make Federal Rule of Civil Procedure 8 applicable in adversary proceedings. Fed. R. Bankr. P. 7008(a). Federal Rule of Civil Procedure 8, General Rules of Pleadings, states:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim need no new jurisdictional support;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Turkish Coalition of Am., Inc. v. Bruininks, 678 F.3d 617, 623 (8th Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## I. Requirements Under Federal Rule of Civil Procedure 9(b)

Plaintiff's first claim is under 11 U.S.C. § 523(a)(2)(A). That section provides that a debtor is not entitled to discharge "for money, property, **services**, or an extension, renewal, or refinancing of credit, to the extent **obtained by** . . . **false pretenses, a false representation, or actual fraud**, other than a statement respecting the debtor's or an insider's financial condition . . . ." 11 U.S.C. § 523(a)(2)(A) (emphasis added). In cases where grounds for relief are based upon an allegation of fraudulent conduct—as in the Section 523(a)(2)(A) claim—the pleader "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b) (Fed. R. Bankr. P. 7009 makes Rule 9(b) applicable in adversary proceedings). Defendant argues that Plaintiff's allegations of fraud or misrepresentation should be dismissed because they do not meet the heightened "particularity" requirement embodied in Rule 9(b). (Def.'s

5

Mt. Dis., ECF Doc. No. 5, ¶ 5.) Plaintiff argues its claim that Defendant obtained "property or services by false pretenses, a false representation or actual fraud under 11 U.S.C. § 523(a)(2)(A)" is supported by the allegations in the Amended Complaint. (ECF Doc. No. 11, ¶ 2.)

Both parties agree that Rule 9(b) applies in this case. See Chase Bank, N.A. v. Vanarthos (In re Vanarthos), 445 B.R. 257, 261-62 (Bankr. S.D.N.Y. 2011) (applying Rule 9(b) to Section 523(a)(2)(A) claims). The Bankruptcy Court for the Southern District of New York stated: "[w]hen fraud is pleaded in a complaint, a [motion to dismiss] should be decided in light of the particularity requirements of Rule 9(b)." Id. The Eighth Circuit has stated "[u]nder Rule 9(b)'s heightened pleading standard, 'allegations of fraud . . . [must] be pleaded with particularity.'" Summerhill v. Terminix, Inc., 637 F.3d 877, 880 (8th Cir. 2011) (quoting Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 995 (8th Cir. 2007) (finding a mere allegation of fraud insufficient to survive a Rule 9(b) challenge)). "In other words, Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." Id. (quotation omitted); see Webster Indus., Inc. v. Northwood Doors, Inc., 320 F. Supp. 2d 821, 847 (N.D. Iowa 2004) ("As to pleading of 'predicate acts' of fraud, Rule 9(b) requires that the plaintiff specifically allege the circumstances constituting fraud . . . .").

Defendant argues that the Amended Complaint does not satisfy the particularity requirement of Rule 9(b) because: (1) no last name is included for Plaintiff's employee Jolene; (2) no dates are listed for the phone calls between Defendant and Jolene; (3) the precise fraudulent statements of the phone conversations are not included; and (4) the content cannot prove an intent to commit a fraudulent act. (Def.'s Mot., ECF Doc. No. 5, at 1-2.) In response, Plaintiff asserts the Eighth Circuit has upheld a Section 523(a)(2)(A) claim in a similar factual situation. See Alport v. Ritter (In re Alport), 144 F.3d 1163, 1165-67 (8th Cir. 1998) (finding a general contractor's debt to a homeowner for reimbursing a subcontractor nondischargeable in bankruptcy).

The Court finds the Amended Complaint sufficiently pleads a cause of action under 11 U.S.C. § 523(a)(2)(A). As to who said and heard the fraudulent statements, Plaintiff identified Jolene as the employee in charge of Plaintiff's accounts receivable and the employee who contacted Defendant about his outstanding debt. (ECF Doc. No. 10, ¶ 11.) The Amended Complaint indicated Defendant made the fraudulent statements. (Id.) Despite Plaintiff's omission of Jolene's last name in the Amended Complaint, her first name and position in the company is sufficient identification to satisfy the Rule 9(b) particularity requirement. See Howard v. Cycare Sys., Inc., 128 F.R.D. 159, 164 (D. Mass. 1989) (finding against the idea that "specification of the identity of the defendant's

agents is necessary in order for the defendant to understand the basis of the fraud claim and to be able to respond to it"). Thus, a pleader is required to identify who made the fraudulent statements to the extent necessary for Defendant to begin to prepare a defense to the allegations. See E-Shops Corp. v. U.S. Bank Nat. Ass'n, 678 F.3d 659, 663 (8th Cir. 2012) ("The level of [necessary] particularity depends on the nature of the case.").

Similarly, the lack of specific dates and content of phone calls will not necessarily cause a pleading to fall short of the Rule 9(b) requirements. See Commercial Prop. Invs., Inc. v. Quality Inns Intern., Inc., 61 F.3d 639, 644 (8th Cir. 1995) ("[O]ne of the main purposes of [Rule 9(b)] is to facilitate a defendant's ability to respond and to prepare a defense to charges of fraud . . . ."). Plaintiff has alleged that there were at least three calls placed to Defendant during which Defendant made assurances he intended to pay debts owed to Plaintiff. (ECF Doc. No. 10, ¶ 11.) Plaintiff indicated it continued working on the project because of these assurances, inferring that at least one of the calls and assurances was made while the project was still active. (Id. at ¶ 15.) Plaintiff made inquiry into Defendant's finances and learned that Defendant received payment under the contract from the property owner, but failed to make payment under the contract with Plaintiff. (Id. at ¶¶ 20-21.) Plaintiff has sufficiently established the circumstances of the alleged fraud in order for Defendant to begin to prepare a

8

defense to the allegations. See Commercial Prop. Invs., 61 F.3d at 644. Thus, Plaintiff's claims will not be dismissed for failure to include specific dates or the exact language used in the conversations alleged to be fraudulent.

Defendant's argument that Plaintiff's Amended Complaint should be dismissed under Rule 9(b) because it does not adequately allege Defendant's intent to deceive is also without merit. Courts have recognized the difficulty of asserting the mental state of the opposing party at the time of alleged fraud; and therefore, require less proof at the motion to dismiss stage of an intention to commit fraud. Ritchie Capital Mgmt., LLC v. Jeffries, 653 F.3d 755, 764 (8th Cir. 2011); see Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.") The Court agrees with Defendant that "[a] breach of [a] promise . . . does not establish that a representation was false." Davis v. Rickabaugh (In re Rickabaugh), 355 B.R. 743, 757-58 (Bankr. N.D. Iowa 2006); (Def's Br., ECF Doc. No. 12, at 4). However, a plaintiff may generally plead the element of intent to commit fraud in order to satisfy the particularity requirements of Rule 9(b). E.g., Iqbal, 556 U.S. at 662; Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 377 (4th Cir. 2012); Kenney Orthopedic, LLC v. United States, 103 Fed. Cl. 455, 461 (Fed. Cl. 2012). Therefore, Plaintiff's general allegation of intent to commit fraud is sufficient to satisfy Rule 9(b) at this stage

and is not grounds for the Court to dismiss Plaintiff's claim under Section 523(a)(2)(A).

## II.     Alleged Fiduciary Relationship Between Plaintiff and Defendant

Section 523(a)(4) states that a debtor is not entitled to discharge a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. . . ." 11 U.S.C. § 523(a)(4).  "To prevent the discharge of debt under § 523(a)(4), it is incumbent upon the plaintiff to establish the following two elements: (1) that a fiduciary relationship existed between the debtor and the plaintiff; and (2) that the debtor committed fraud or defalcation in the course of that fiduciary relationship." Stone v. Wade (In re Wade), Bankr. No. 03-01568, Adv. No. 03-09163, 2004 WL 3019461, at *3 (Bankr. N.D. Iowa Dec. 29, 2004).  Defendant argues Plaintiff fails as a matter of law to show a fiduciary relationship existed here.

Plaintiff alleges that the contract between itself and Defendant established a fiduciary relationship and Defendant's failure to make payment on its debts constituted a breach of fiduciary duty.  (Pl.'s Am. Compl., ECF Doc. No. 10, ¶ 24.) Plaintiff's argument rests on Baytherm Insulation, Inc. v. Carlson (In re Carlson), 456 B.R. 391 (Bankr. E.D. Wis. 2001), in which the court found a fiduciary relationship between a contractor and property owner was implied by Wisconsin's "Theft by Contractor" statute.  Plaintiff asserts that the Wisconsin law is

substantially similar to the Iowa law against theft of services.  (ECF Doc. No. 11-1, at 2-3.; see Iowa Code § 714.1(3) (2011).)

Defendant makes several arguments in response.  (ECF Doc. No. 5-1, at 2). First, Defendant asserts some form of "traditional trust" was required to establish a fiduciary relationship.  See S&L Enter. I, LLC v. Eisaman (In re Eisaman), 387 B.R. 219, 224 (Bankr. N.D. Ind. 2008) ("[W]ithout a fiduciary relationship under non-bankruptcy law there can be no claim for fraud or defalcation in a fiduciary capacity under § 523(a)(4)."). Defendant argues that the scope of a "traditional" trust for Section 523(a)(4) purposes "has been consistently limited to technical trusts, not those implied in law." (Def.'s Br., ECF Doc. No. 5-1, at 1-2.); Wade 2004 WL 3019461, at *3; Barclays Am./Bus. Credit, Inc. v. Long (In re Long), 774 F.2d 875, 878 (8th Cir. 1985).

"'Whether a relationship is a 'fiduciary' one within the meaning of § 523(a)(4) is a question of federal law.'"  Arvest Mortgage Co. v. Nail (In re Nail), 680 F.3d 1036, 1039 (8th Cir. 2012) (quoting Davis v. Aetna Acceptance Co., 293 U.S. 328, 333 (1934)).  "The fiduciary relationship reflected in an express or technical trust is typically created by contract" but qualifying trusts also "include[] relationships in which trust-type obligations are imposed pursuant to statute or common law." Nail, 680 F.3d at 1039-40; Brown v. Heister (In re Heister), 290 B.R. 665, 673 (Bankr. N.D. Iowa 2003).  "Bankruptcy courts regularly look to

11

state law to determine whether a fiduciary [relationship] exists" hence "[s]tate law is . . . important in determining whether a party has acted in a fiduciary capacity." Heister, 290 B.R. at 673.

> In reviewing this question, the Eighth Circuit has specifically stated:
>
> It is not enough . . . that a statute purports to create a trust: [a] state cannot magically transform ordinary agents, contractors, or sellers into fiduciaries by the simple incantation of the terms 'trust' or 'fiduciary.'  Rather, to meet the requirements of § 523(a)(4), a statutory trust must (1) include a definable res and (2) impose 'trust-like' duties.

Nail, 680 F.3d at 1040 (quoting In re Tran, 151 F.3d 339, 342-43 (5th Cir. 1998)). The Circuit has made clear that a fiduciary relationship should be viewed only "in the strict and narrow sense" for purposes of § 523(a)(4).  Hunter v. Philpott, 373 F.3d 873, 876 (8th Cir. 2004).

> This Court has also previously stated:
>
> Under Iowa law, a trust has been defined as 'a fiduciary relation with respect to property, subjecting the person by whom the property is held to equitable duties to deal with the property for the benefit of another person, which arises as the result of a manifestation of intent to create it.'

Heister, 290 B.R. at 673 (quoting State v. Caslavka, 531 N.W.2d 102, 105 (Iowa 1995)).  In order to find a trust under this definition, there must be "some objective manifestation of an intention to create the relationship as defined in the quoted definition." Caslavka, 531 N.W.2d at 105.  "One indicia of the trust relationship is

the requirement of a separate bank account for the receipt and holding of trust funds." Id.

The Court finds the Amended Complaint fails to allege there was an "express trust" established either through contract or the behavior of the parties. The Amended Complaint states: "The monies received and to be received from the property owner were under the control of Defendant-Debtor . . . [and] [a]ll funds received from the Property Owners were deposited into accounts of Defendant-Debtor's corporation or other accounts, all of which were under the control of Defendant-Debtor." (ECF Doc. No. 10, ¶¶ 12, 18.) While these claims purport to establish an express trust, they fall short of the main indicator of a trust relationship—that the funds held in equity for Plaintiff were meant to be segregated into a separate bank account. See Caslavka, 531 N.W.2d at 105. The Court, therefore, finds that the Amended Complaint, in its current form, fails to establish an express or technical trust for the purposes of § 523(a)(4).

The Court also finds that Plaintiff has not sufficiently asserted how Iowa state law creates a "trust-like" obligation in this case. See Heister, 290 B.R. at 673. Viewing the Iowa Code sections dealing with contractor-subcontractor dealings, this Court has been unable to find state law establishing an "express or technical" trust—construed "in the strict and narrow sense"—that may satisfy the requirements of a § 523(a)(4) claim. Id.; Hunter, 373 F.3d at 876.

13

The Iowa Code section Plaintiff cites for theft of services as grounds for a fiduciary relationship provides:

> **A person commits theft when [he] . . . [o]btains** the labor or **services of another**, or a transfer of possession, control, or ownership of the property of another, or the beneficial use of property of another, **by deception**. Where compensation for goods and services is ordinarily paid immediately upon the obtaining of such goods or the rendering of such services, the refusal to pay or leaving the premises without payment or offer to pay or without having obtained from the owner or operator the right to pay subsequent to leaving the premises gives rise to an inference that the goods or services were obtained by deception.

Iowa Code § 714.1 (3) (2011) (emphasis added). This statute does not create a fiduciary relationship because it does not establish the obligations typically imposed by a trust.

Plaintiff's Amended Complaint fails to establish the necessary fiduciary relationship under § 523(a)(4) to survive a motion to dismiss.

### III. Fraudulent Intent Under § 523(a)(6)

Section 523(a)(6) of the Bankruptcy Code makes non-dischargeable debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Plaintiff claims "[t]here is authority that a contractor's failure to pay a subcontractor may constitute malicious injury where funds are not used for business purposes." (ECF Doc. No. 11-1, at 2; see Mich. Steel Erectors, Inc. v. Crane (In re Crane), 154 B.R. 60, 65-66 (Bankr. E.D. Mich. 1993).) Defendant argues that Plaintiff's claim for willful and malicious injury

14

fails for lack of specificity under Section 523(a)(6), and that the Amended Complaint lacks the necessary proof of Defendant's intent.

"Willful and malicious are two distinct requirements that [a plaintiff] must prove by a preponderance of the evidence." Fischer v. Scarborough (In re Scarborough), 171 F.3d 638, 641 (8th Cir. 1999). "The Supreme Court has made clear 'debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6).'" Sells v. Porter (In re Porter), 539 F.3d 889, 893-94 (8th Cir. 2008) (quoting Kawaauhua v. Geiger, 523 U.S. 57, 64 (1998)). "[N]ondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Geiger, 523 U.S. at 64.

The Supreme Court has defined a "willful injury" in this context as "a deliberate or intentional invasion of the legal rights of another." Id. at 61. "The debtor need not intend the consequences of his conduct to cause a willful injury . . . [i]t is enough . . . 'the debtor knows the consequences are certain, or substantially certain, to result from his conduct.'" Porter, 539 F.3d at 894 (quoting Blocker v. Patch (In re Patch), 526 F.3d 1176, 1179 (8th Cir. 2008)). "Maliciousness is conduct 'targeted at the creditor . . . at least in the sense that the conduct is certain or almost certain to cause . . . harm.'" Porter, 539 F.3d at 894 (quoting Siemer v. Nangle (In re Nangle), 274 F.3d 481, 484 (8th Cir. 2001)); see Long, 774 F.2d at 881.

15

Here, Plaintiff alleges it examined Defendant's books and found he received money from the property owner. (ECF Doc. No. 10, ¶ 20.) Plaintiff claims Defendant misappropriated money intended to pay Plaintiff. (Id. at ¶¶ 20, 21.) Defendant was obligated to pay Plaintiff for subcontracting services performed—within 30 days of receiving payment from the property owner—as required by Iowa law. See Iowa Code § 572.30 (2011). The Iowa Code section requiring prompt payment by contractors to subcontractors upon receipt of that payment creates a "legal right" to payment in a subcontractor necessary to satisfy a Section 523(a)(6) claim. See Geiger, 523 U.S. at 61. Plaintiff alleges that these funds were diverted for personal use by Defendant as evidenced by the state court judgment. (ECF Doc. No. 10, ¶¶ 6, 20, 21.) The Court finds this alleged diversion—and Defendant's alleged misstatements about an intention to pay off his debt—may constitute the necessary "deliberate or intentional invasion" of Plaintiff's rights. See Geiger, 523 U.S. at 61. As a contractor, Defendant should be aware that refusing to pay a subcontractor for services rendered, in accordance with Iowa law, will certainly cause an injury to that subcontractor. See Porter, 539 F.3d at 894. The Amended Complaint sufficiently pleads the "willful" requirement of a Section 523(a)(6) claim.

This Court also finds that Plaintiff's Amended Complaint sufficiently pleads that Defendant's behavior was "conduct almost certain to cause . . . harm." Id.

16

Plaintiff pleads plausible facts to show Defendant's behavior was almost certain to cause harm to Plaintiff by denying payment for services.  Defendant, as a contractor, should have known a harm would arise from his conduct.  Finally, harm did occur and Plaintiff obtained a judgment in state court.  (ECF Doc. No. 10, ¶ 6.)  This Court finds the Amended Complaint alleges sufficient facts to establish Defendant's conduct was "malicious."  See Porter, 539 F.3d at 894.

Plaintiff has sufficiently pled Defendant's conduct was both willful and malicious.  The Court, therefore, finds that Plaintiff has successfully stated a claim for relief under 11 U.S.C. § 523(a)(6) that is plausible on its face.  See Iqbal, 556 U.S. at 678.  The Court will not dismiss Plaintiff's claim for willful and malicious injury.

**WHEREFORE**, Debtor-Defendant's Motion to Dismiss Plaintiff's claims under 11 U.S.C. §§ 523(a)(2) and (6) is **DENIED**.  The Motion to Dismiss Plaintiff's claim under 11 U.S.C. § 523(a)(4) is **GRANTED**.

Dated and Entered: July 20, 2012

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE